07-1015-cv
Krug v. McNally, Jr.

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan Courthouse, 500 Pearl Street, in the City of New York, on the 8th day of March, two thousand ten.

PRESENT:
> JOHN M. WALKER, Jr.,
> DEBRA ANN LIVINGSTON,
> *Circuit Judges*,
> LEWIS A. KAPLAN,*
> *District Judge.*

_____

Robert L. Krug,

> *Plaintiff-Appellant*,

v.                                                                                  No. 07-1015-cv

Richard McNally, Jr., Bartle, McGrane, Duffy, and Jones, Peter B. Jones,

> *Defendants-Appellees.*

_____

For Appellant:                          ROBERT L. KRUG, *pro se*, New
                                        Baltimore, N.Y.

For Appellees:                          SCOTT W. BUSH, Roche, Corrigan,
                                        McCoy & Bush, PLLC, Albany,
                                        N.Y.

_____

*The Honorable Lewis A. Kaplan, of the United States District Court for the Southern District of New York, sitting by designation.

Appeal from a judgment of the United States District Court for the Northern District of New York (Kahn, *J.*).

**UPON DUE CONSIDERATION**, it is hereby **ORDERED, ADJUDGED AND DECREED** that the judgment of the district court is **AFFIRMED**.

Plaintiff-appellant Robert L. Krug appeals *pro se* from a judgment of the United States District Court for the Northern District of New York (Kahn, *J.*) dated February 8, 2007, granting summary judgment to the Defendants-Appellees and dismissing Krug's complaint brought pursuant to 42 U.S.C. § 1983. Krug alleged that his privately-retained attorneys deprived him of his constitutional rights under the Fifth, Sixth, and Fourteenth Amendments by interfering with and depriving him of effective assistance of counsel in relation to state criminal charges brought against him. We assume the parties' familiarity with the underlying facts and procedural history of the case.

We review orders granting summary judgment *de novo* and determine whether the district court properly concluded that there was no genuine issue as to any material fact and that the moving party was entitled to judgment as a matter of law. *See Cronin v. Aetna Life Ins. Co.*, 46 F.3d 196, 202-03 (2d Cir. 1995).

The district court did not err in determining that Krug failed to state a claim under § 1983 because the Defendants are not state actors. *See Am. Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 49-51 (1999); *Polk County v. Dodson*, 454 U.S. 312, 324-25 (1981). Krug's vague allegations of conspiracy to deprive him of his constitutional rights are also insufficient to sustain a claim under § 1983. "[C]omplaints containing only conclusory, vague, or general allegations that the defendants have engaged in a conspiracy to deprive the plaintiff of his constitutional rights are

properly dismissed; diffuse and expansive allegations are insufficient, unless amplified by specific instances of misconduct." *Ciambriello v. County of Nassau*, 292 F.3d 307, 325 (2d Cir. 2002) (quoting *Dwares v. City of New York*, 985 F.2d 94, 99 (2d Cir. 1993)) (internal quotation marks omitted).

As to Krug's state law claims, a district court has discretion to exercise supplemental jurisdiction over state law claims. *See* 28 U.S.C. § 1367(c). Here, the court did not abuse its discretion in declining to exercise jurisdiction over Krug's state law claims, in light of the fact that it had dismissed all of Krug's federal claims.

We have considered all of Krug's remaining arguments and find them to be without merit. For the reasons stated above, the judgment of the district court is AFFIRMED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk